J. O. KNOX *et al. v.* SAM WASHER.*

(*Nashville.*  December Term, 1925.)

1. **MASTER AND SERVANT.** Parents owning home and receiving rents held not ''wholly'' dependent on son boarding with them and paying $10 to $12 each week (Workmen's Compensation Act [Pub. Laws 1919, chapter 123] section 30).

Under Workmen's Compensation Act, section 30, father and mother, owning their own home and receiving $16 per month rent and $7 per month rent for room, *held* not wholly dependent on son who boarded with them and paid from $10 to $12 each week; the word "wholly" meaning in a whole or complete manner, entirely, completely, perfectly.  (*Post, pp.* 632, 633.)

Acts cited and construed: Acts 1919, ch. 123.

2. **MASTER AND SERVANT.**

Workmen's Compensation Act (Pub. Laws 1919, chapter 123) should be liberally construed. (*Post, p.* 633.)

_____

*As to who are dependents within meaning of Workmen's Compensation Acts, see notes in L. R. A., 1916A, 121, 163, 248; L. R. A., 1917D, 157 L. R. A., 1918F, 483.

_____

FROM SHELBY.

_____

Appeal from the Circuit Court of Shelby County. HON. A. B. PITTMAN, Judge.

W. L. OWEN, for appellant.

L. H. GRAVES, for appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a workmen's compensation suit. Oscar Knox, aged forty-three, was killed on June 27, 1924, while in the employ of the defendant, and the only question for decision is whether his father and mother, petitioners, were being wholly supported by him at the time of his death; the insistence of the defendant being that they were partially dependent only. The trial court held that they were wholly dependent.

In September, 1923, the petitioners purchased a house and lot on Powell avenue in Memphis for $1,100 paying $500 in cash and executing monthly installment notes of $12 each for the balance. Petitioners procured the $500 by mortgaging a house and lot which they owned on Pacific avenue. They thereupon moved into the Powell avenue house and rented the Pacific avenue house to a man by the name of Wilson for a monthly rental of $16, which was applied in payment of the mortgage notes. When their son Oscar was killed, nine months later, they had paid nine $16 payments, or $144, on the mortgage notes, and nine $12 payments, or $108, on the other notes.

Petitioner J. O. Knox testified that the Pacific avenue property was worth $1,600, and assuming that the Powell avenue property was worth $1,100, the two properties were worth $2,700. This left $492 purchase money due on the Powell avenue property, and $356 on the mortgage notes. Deducting these two items from the $2,700, leaves an equity of $1,852, which petitioners had in said two properties.

At the time of their son's death, they were not only receiving $16 per month from the Pacific avenue property, but they were receiving $7 per month rent for a room in their home. Their son took his meals with them and paid them no fixed sum, but they very roughly estimated the amount as from $10 to $12 each week. There is no evidence as to what would be a reasonable charge for the board of the son, so that we are unable to compute the amount contributed by the son to their support. They also had a garden, but there is no evidence as to what extent it contributed to their support.

In these circumstances, we are unable to say that petitioners were wholly supported by their son.

Section 30 of our Workmen's Compensation Act (Pub. Laws 1919, chapter 123) provides that a father and mother shall be conclusively presumed to be wholly dependent—"who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto."

The word "wholly" is thus defined in Webster's New International Dictionary: "In a whole or complete manner; entirely; completely; perfectly."

We are unable to say that, under the facts detailed above, the petitioners were wholly supported by their son, for such is not the case.

In Corpus Juris Workmen's Compensation Acts, p. 60, it is said:

"A person may be wholly dependent on the employee, although he receives occasional gratuities from others, or although he may have some slight savings of his own, or some other slight property or sources of revenue, or although he has received a share in the employee's es-

tate, but not where he has any substantial and independent means of his own."

We cannot say that an income of $16 per month is unsubstantial in the circumstances of this case. Expert economists figure that about twenty per cent. of small incomes are expended for shelter or housing. Where one owns his own home, and is furnished all other support, it cannot be said that he is wholly supported by his benefactor, within the meaning of our statute.

We have been referred to numerous decisions which tend to support both positions, but, in view of the positive language of our act, we could not hold that petitioners were entitled to the sum decreed them by the trial court without eliding the word "wholly."

We appreciate the fact that the act should be liberally construed, and, where the property owned by the dependent is not substantial, or the income received from other sources is inconsequential, we shall not hesitate to treat the applicant as wholly dependent. But here the proportion of the income received from other sources, in comparison with that received from the son, is too substantial to say that petitioners were wholly dependent up on their son.

For the reasons stated, the case will be reversed and remanded.

The record is not in shape for an adjudication as to the amount petitioners are entitled to as partial dependents. If counsel cannot agree about the matter, the case will be opened for additional proof and decision by the trial court.

The costs of the appeal will be taxed against the petitioners.