GILES COUNTY *et al. v.* RAINEY.

(*Nashville,* December Term, 1952.)

Opinion filed April 25, 1953.

240

WILLIAM A. HARWELL, Assistant District Attorney, of Lawrenceburg, for appellant.

HENRY & HENRY and LEE & LEE, all of Pulaski, for appellee.

M. THOMAS VALASKE, of Nashville, amicus curiae.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This case rises under the Workmen's Compensation Law, and specifically Code Sec. 6871, as said section was amended by Chapter 149, Public Acts of 1945. The case is improperly styled. The parties are reversed.

Roy Rainey, a former employee of Giles County, filed his bill in the Chancery Court of that County for compen-

sation for permanent total disability. Giles County and other County officials were made parties defendant, as was W. N. Estes, Treasurer of the State of Tennessee, as custodian of the "Second Injury Fund" set up under the Workmen's Compensation Act, Chapter 149, Public Acts of 1945, supra.

The defendants answered the bill and the hearing before the Chancellor was upon the answers which were treated as demurrers to the bill filed. By his decree, the Chancellor dismissed the bill against all defendants except the Treasurer of the State of Tennessee, overruled the defenses interposed by him in his answer, and awarded the complainant permanent total disability benefits as provided by the Act of 1945, supra.

From this award, the appeal has been perfected on behalf of the State Treasurer. His position in resisting the award is well stated in the assignment of error which he makes to support his appeal:

"The Court erred in holding that the 'Second Injury Fund' theory is applicable in this case and allowing the Complainant below, Roy Rainey, a recovery out of said fund since his bill shows on its face that he was born with his left eye in such condition that he never developed sight in it and that his total and permanent disability did not result from two injuries, industrially or otherwise, and that he had not received any prior or 'previous injury' as contemplated by Chapter 149, of the Public Acts of 1945."

The facts necessary to be stated are that complainant was either born industrially blind in his left eye, or became so, when a small child, so that in November 1949, while employed by Giles County, in employment covered by the Compensation Act, he received an injury which

resulted in the loss of his other (right) eye, and therefore, rendered him industrially blind and permanently and totally disabled.

The single question presented by this appeal is whether, since the loss of complainant's left eye was the result, not of accident or injury, but of disability other than accident or injury, he is entitled to recover compensation from the "Second Injury Fund?" The answer to the question depends on a proper construction of Chapter 149, Public Acts of 1945, the pertinent provision of which Act is as follows:

" 'If an employee has previously sustained a permanent disability by reason of the loss of, or loss of use of, a hand, an arm, a foot, a leg, or an eye, and become permanently and totally incapacitated through the loss, or loss of use of another member, he shall be entitled to compensation from his employer or the employer's insurance carrier only for the disability that would have resulted from the latter injury, and such earlier injury shall not be considered in estimating the compensation to which the employee may be entitled under this Chapter from the employer or the employer's insurance carrier; *provided, however, that in addition to such compensation for said subsequent injury, and after completion of the payments therefor, then such employee shall be paid the remainder of the compensation that would be due for permanent total disability out of a special fund to be known as the "Second Injury Fund" herein created.' "* (Our emphasis.)

When Section 6871 was originally passed as Section 20 of Chapter 123, Public Acts of 1919, that Section of which the Act of 1945 is an amendment, provided:

"If an employe has previously sustained a permanent *injury* elsewhere than in the employment * * *."

When, in 1932, in a case, which on the facts, is substantially identical with the case before us here, that Section of the Act of 1919 came before the Court for construction, this Court held that the petitioner was entitled to compensation only for the loss of the one sound eye by injury, and not to compensation for permanent total disability on account of his total industrial blindness. With this background, we must, in construing the Act of 1945, give effect to the fact that in the amendment the Legislature changed the word "injury" to "disability." We think it clear that the word "disability" covers the injury to complainant's left eye in the present case, but if there was doubt, it would have to be resolved in favor of the claimant, and against the defendants.

"The Workmen's Compensation Act is remedial, intended to burden industry with the responsibility of industrial accidents by requiring compensation to injured employees, and is to be applied fairly and broadly to accomplish the ends intended. *Cherokee Brick Co.* v. *Bishop,* 156 Tenn. 168, 299 S. W. 770; *Partee* v. *Memphis Concrete Pipe Co.,* 155 Tenn. 441, 295 S. W. 68; *Johnson Coffee Co.* v. *McDonald,* 143 Tenn. 505, 226 S. W. 215. The act is to be liberally construed. *Knox* v. *Washer,* 153 Tenn. 630, 284 S. W. 888; *Leonard* v. *Cranberry Furnace Co.,* 150 Tenn. 346, 265 S. W. 543. Under this rule of liberal construction, words cannot be given a restricted or literal meaning to defeat the legislative intent. *Diamond Coal Co.* v. *Jackson,* 156 Tenn. 179, 299 S. W. 802." *Maxwell* v. *Beck,* 169 Tenn. 315, 317, 87 S. W. (2d) 564, 565.

The assignment of error is overruled; the decree of the Chancellor is affirmed at the cost of the appellant; and the cause remanded for enforcement of the decree.