Mrs. Rena Stovall

*v.*

General Shoe Corporation et al.

(*Nashville,* December Term, 1958.)

Opinion filed January 23, 1959.

WALTER M. HAYNES and JOE R. HICKERSON, JR., Winchester, for appellee (petitioner).

HENRY C. FOUTCH, Assistant Attorney General, C. C. CHATTIN, District Attorney General, Winchester, of counsel, for appellant (defendant).

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This appeal involves the construction of 50-1027, T.C. A., relating to the "Second Injury Fund", and an employee's right to recover Workmen's Compensation for alleged total permanent disability.

The appellee, Mrs. Rena Stovall, was a regular employee in the plant of the General Shoe Corporation, located at Cowan, Tennessee, in Franklin County. She filed her petition seeking compensation under the Workmen's Compensation Act in which she charged that she suffered an injury to her back and spine while so employed and that she was "totally and permanently disabled to do any kind of work."

An answer was filed by General Shoe Corporation, but at the time the case was brought to trial the parties had reached a compromise settlement of her claim, and the same was formally approved by the trial judge as being "fair and reasonable". The judgment of the court was, as follows:

"This cause came on to be heard before the Honorable Alan S. Kelly, Circuit Judge, on this the 10th day of September, 1957, upon the original petition filed by Mrs. Rena Stovall, as amended, the answer thereto, the testimony of witnesses examined in open Court, and the whole record; and it appearing to the Court that the matters in controversy existing between the petitioner, Mrs. Rena Stovall, and the defendant, General Shoe Corporation have been compromised and settled; and it further appearing to the Court, that from the testimony of witnesses that Mrs. Rena Stovall was disabled twenty-five (25%) per cent from the injury received while working for General Shoe Corporation in the course and scope of her employment.

"And it further appearing to the Court that this settlement is fair and reasonable and represents the full liability of General Shoe Corporation for the disability which the petitioner received as a result of the injury to her while working for the defendant, General Shoe Corporation.

"And it further appearing that this cause should be retained on the docket relative to an amendment filed against the Treasurer of the State of Tennessee in regard to the 'Second Injury Fund.' "

The total amount of the settlement, which was approved, amounted to $2,631.35, which included medical aid furnished Mrs. Stovall.

Prior to the foregoing judgment of approval the petitioner had been granted leave to amend her said petition so as to charge that she had suffered a prior injury to her leg resulting in its complete loss, but "she was able to do the work with the loss of the use of this one leg prior to the injury to her back"; but the injury to her back coupled with the former loss of the use of the leg rendered her permanently and totally incapacitated. It will be noted that in the original bill the petitioner only charged an injury to her back and spine, and that the judgment of the court was that she had suffered a twenty-five (25%) per cent injury to her back, no mention being made of any prior injury to her leg.

With the pleadings thus made upon the issues of liability and the judgment against the General Shoe Corporation, she amended her petition seeking an additional award as provided under Section 50-1027, T.C.A., and making Ramon T. Davis, Treasurer of the State of Ten-

nessee, a party defendant. He was evidently made such because he was *ex officio* Treasurer of the Fund, being the custodian of it. He demurred to the petition, as thus amended, on the following grounds:

"1. The original petition as amended shows on its face that the second injury to petitioner was not to another member, or to her other leg.

"2. The petition as amended shows on its face that petitioner has not 'become permanently and totally incapacitated through the loss of, or loss of use of, another member'.

"3. The petition as amended shows on its face that petitioner has not 'previously sustained a permanent disability by reason of the loss of, or loss of use of, a leg'.

"4. The petition a amended shows on its face that petitioner is not permanently and totally incapacitated."

The aforesaid demurrer was overruled by the trial judge and a discretionary appeal was prayed for and granted to this Court. The assignments of error challenge the correctness of this action of the court. The sole question involved was whether or not the petition stated a cause of action and the right of the injured employee to maintain her right of action under the applicable Section of the Code to which we have referred. It reads, as follows:

"50-1027. *Subsequent permanent injury after sustaining previous permanent injury—Estimation of compensation—'Second injury fund' created—Payments to—Disbursements from.*—If an employee has previously sus-

tained a permanent disability by reason of the loss of, or loss of use of, a hand, an arm, a foot, a leg, or an eye and becomes permanently and totally incapacitated through the loss, or loss of use of another member, he shall be entitled to compensation from his employer or the employer's insurance carrier only for the disability that would have resulted from the latter injury, and such earlier injury shall not be considered in estimating the compensation to which the employee may be entitled under this law from the employer or the employer's insurance carrier; provided, however, that in addition to such compensation for said subsequent injury, and after completion of the payments therefor, then such employee shall be paid the remainder of the compensation that would be due for the permanent total disability out of a special fund to be known as the 'second injury fund' herein created."

The principal argument of the counsel in support of the demurrer and his assignments of error is that by the express language of the statute (paragraph 1, *supra*) no mention is made of "the back" as "another member" of the body; that the only members named are "loss of use of a hand, an arm, a foot, a leg or an eye"; and since the back is not so mentioned and described it was error for the trial judge to so consider it in disposing of the demurrer.

■■ We cannot adopt this narrow construction of our Workmen's Compensation Act. The courts are admonished by Section 50-918, T.C.A., to give this statute "an equitable construction * * * to the end that the objects and purposes of this law may be realized and attained."

 Moreover, we think the discretionary appeal was improvidently granted. While there was no formal motion made to dismiss the appeal on that ground, nevertheless the question was raised in oral argument before the Court. Counsel for appellant Davis insisted that the case was tried "as an equity cause", as are all Workmen's Compensation cases, and hence a discretionary appeal was proper under numerous decisions of this Court. But it was not strictly speaking an equity cause. The Act is a remedial act and is construed according to the principles of equity. Demurrers are generally not favored as a pleading either at law or in equity. Moreover there is a special reason for discouraging demurrers in all Workmen's Compensation cases and for granting a discretionary appeal in such cases. The policy of the law is for a speedy trial of the issues of liability and to this end they are advanced on the docket for trial. In all such cases where the trial judge grants a discretionary appeal to his action in overruling a demurrer the result is a long delay in the final decision of the case with injurious consequences to the injured employee.

The assignments of error are overruled and the case is remanded for a trial on the merits.