John A. Green, Plaintiff-in-Error,

*v.*

Combustion Engineering, Inc., and Noble Caudill, State Treasurer and Custodian of the Second Injury Fund, Defendants-in-Error.

395 S.W.2d 810.

(*Knoxville,* September Term, 1965.)

Opinion filed November 1, 1965.

154

O. W. McKenzie, Dayton, for plaintiff in error.

Stone & Kirkland, B. Tarleton Bowles, Assistant District Attorney General, Chattanooga, George F. McCanless, Attorney General, Edgar P. Calhoun, Assistant Attorney General, Nashville, for defendants in error.

Mr. Justice Chattin delivered the opinion of the Court.

John A. Green filed a petition for workmen's compensation benefits on October 6, 1964, against Combustion Engineering Company, Inc., and Noble Caudill, State Treasurer and Custodian of the Second Injury Fund of the Workmen's Compensation Act.

In his petition, petitioner alleged he had been an employee of Combustion for more than twenty years prior to his accidental injury on April 9, 1964, at which time he injured his left ankle while operating a crane.

It was further alleged in the petition, petitioner had "sugar" diabetes for eighteen years prior to the date of the injury to his ankle; and that because of the incurable diabetic condition petitioner suffered prior to the injury to his ankle, he lost his leg and became perma-

nently and totally disabled as defined by T.C.A. Section 50-1007(e).

The Treasurer of the State as the Custodian of the Second Injury Fund was made a party defendant because petitioner sought from the Second Injury Fund an amount over and above the one hundred seventy-five weeks compensation for loss of his leg, a permanent partial disability, so as to compensate him for total permanent disability.

Combustion answered the petition and admitted the injury and loss of petitioner's leg and stated it was ready and willing to pay petitioner compensation for one hundred seventy-five weeks as provided by the Workmen's Compensation Act.

Defendant, James A. Alexander, as successor to Caudill, State Treasurer and Custodian of the Second Injury Fund, demurred to the petition on the grounds the petition showed on its face that petitioner had not "previously sustained a permanent disability by reason of the loss of, or loss of use of a hand, an arm, a foot, a leg, or an eye;" and that petitioner did not sustain a prior injury resulting in permanent disability.

The petitioner and his employer, Combustion, with the approval of the Chancellor, entered a consent decree which awarded petitioner permanent partial disability for one hundred seventy-five weeks in the sum of $36.00 per week, a total of $6300.00, for the loss of his leg.

The Chancellor filed a memorandum opinion in which he said:

"From the averments of the bill petitioner had diabetes for eighteen years and during the last few

years he became incapacitated at different times. With the exception of occasional recent lay offs, he has worked continuously at the same job for eighteen years on up until April 9, 1964, when he was working on a large crane.

"Diabetes is not ordinarily an occupational disease. It is a disease and not an injury of traumatic origin. It is generally controlled by the intake of insulin in dosages prescribed by a physician. As a matter of common knowledge, the disease is permanent, but not permanently disabling and did not permanently disable petitioner."

Accordingly, he sustained the demurrer. Petitioner has appealed to this Court and assigned as error the action of the Chancellor in sustaining the demurrer.

The petitioner argues the demurrer admits petitioner is permanently and totally disabled because of the previous permanent partial disability caused by diabetes which coupled with the injury caused him to lose his leg and as a result petitioner became permanently and totally disabled as defined by T.C.A. Section 50-1007(e).

In support of this insistence petitioner relies upon the authority of *Giles County et al. v. Rainey,* 195 Tenn. 239, 258 S.W.2d 774 (1953) ; and *Stovall v. General Shoe Corporation,* 204 Tenn. 358, 321 S.W.2d 559 (1959).

In the Rainey case the facts were Rainey was either born industrially blind in his left eye or became so while a small child. While employed by Giles County some years later he received an injury to and loss of his right eye, which rendered him industrially blind and permanently and totally disabled. This Court held he was entitled to a recovery from the Second Injury Fund al-

though the loss of his left eye was not the result of an accident or injury.

The Second Injury Fund, T.C.A. Section 50-1027 provides:

"If an employee has previously sustained a permanent disability by reason of the loss of, or loss of use of, a hand, an arm, a foot, a leg, or an eye and becomes permanently and totally incapacitated through the loss, or loss of use of another member, he shall be entitled to compensation * * *."

The Court, in sustaining an award to Rainey for permanent total disability from the Second Injury Fund, held the words "permanent disability" covered the injury to complainant's left eye.

The provision of the Second Injury Fund above quoted specifically says: "If an employee has previously sustained a permanent disability" by the loss of an eye and becomes permanently and totally disabled through the loss of another member, such as an eye, he will be entitled to compensation out of the Second Injury Fund for permanent total disability.

The loss of an eye is a schedule injury compensable under the Workmen's Compensation Act.

The Stovall case has no application here because the only holding in that case was an injury to the back is within the meaning or contemplation of the Second Injury Fund.

An injury to an employee's back in the course of his employment is compensable.

Diabetes mellitus, or sugar diabetes, is a disease of the pancreas, which, by reason of the diminution or fail-

158

ure of the secretions of the gland, results in an over-supply of sugar in the blood. 26A C.J.S., page 932.

■ In order to sustain a claim against the Second Injury Fund an employee must prove he sustained a previous permanent disability and that as the result of the second injury he has become permanently and totally disabled. *Davis v. Alexander,* 213 Tenn. 131, 372 S.W.2d 769 (1963).

■ ■ The previous permanent disability relied upon by petitioner in order to recover from the Second Injury Fund is the disease of diabetes. The disease is not an occupational disease compensable under our Act. And, as said by the Chancellor, it is controllable and not permanently disabling. The previous permanent disability, in our opinion, must be one capable of supporting an award under our Workmen's Compensation Act, if it had arose out of and in the course of the employee's employment.

"* * * As a matter of general principle, it would probably be more accurate to say that the second-injury legislation, in line with its basic purpose, should not be extended to prior conditions of such character that employers would presumably be unaware of them and would therefore be unaffected by them in their hiring policies. Moreover, the prior injury under most statutes should be one which, if industrial, would be independently capable of supporting an award. It need not, of course, be reflected in actual disability in the form of loss of earnings, but if it is not, it should at least be of a kind which could ground an award of permanent partial disability. This must be so, because when the second-injury question later arises, the prior injury must be one capable of accounting separately for

a portion of the ensuing disability, as distinguished from condition rendered disabling only as the result of 'lighting-up' by the second injury.'' Larson's Workmen's Compensation Law, Volume 2, Section 59.33, page 63.

■ We hold the disease of diabetes mellitus is not within the meaning of a previously sustained permanent disability and thus petitioner is not entitled to an award from the Second Injury Fund.

Petitioner's assignment of error is overruled and the decree of the Chancellor is affirmed.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.