MURRAY OHIO MANUFACTURING Co. and JAMES ALEXANDER, Treasurer of the State of Tennessee and Custodian of the Second Injury Fund, Plaintiffs in Error,

*v.*

TRANEY YARBER, Defendant in Error.

446 S.W.2d 256.

(*Nashville,* December Term, 1968.)

Opinion filed October 17, 1969.

Boston & Weatherford, Lawrenceburg, for Murray Ohio Manufacturing Co.

George F. McCanless, Attorney General., and C. Hayes Cooney, Assistant Attorney General, Nashville, for James Alexander, Treasurer, etc.

Freemon & Freemon, Lawrenceburg, for defendant in error.

Mr. Justice Creson, delivered the opinion of the Court.

This is an appeal, in a workmen's compensation case, from the Circuit Court of Lawrence County, Tennessee. In the course of this opinion the parties will be referred to as follows: The defendant in error, employee Traney Yarber, as plaintiff; plaintiff in error and employer, Murray Ohio Manufacturing Company, as Murray Ohio; and plaintiff in error James Alexander, Treasurer of the State of Tennessee, as Treasurer.

On March 21, 1966, plaintiff filed his declaration seeking workmen's compensation. It was alleged that the plaintiff was injured in the course and scope of his employment by Murray Ohio.

It was further alleged that plaintiff's foot was caught under the frame of a "buggy" loaded with bicycle tires which he was guiding. As a result, bones were broken in his foot and his leg was broken above the ankle. It was also alleged (1) that his knee was badly twisted; (2) that, about three weeks prior to this accident, plaintiff had picked up a box and, in doing so, "tore something in his side"; (3) that, approximately four years earlier, plaintiff was reaching up to get a fan and twisted his knee; (4) that he reported all these injuries and was treated for them, and (5) that, as a result, plaintiff's right foot, knee, leg, side, and his entire body were bruised, strained,

and injured, leaving him totally disabled from performing any gainful employment.

On June 27, 1966, Murray Ohio filed its answer admitting that plaintiff sustained a broken foot, but denied that plaintiff sustained any other compensable injuries. The answer admits that Murray Ohio owes plaintiff a percentage of disability to his right lower extremity, but denies liability for 100 percent permanent total disability to the body as a whole.

On July 28, 1966, a judgment was entered in favor of plaintiff awarding him workmen's compensation for "100 per cent permanent total disability."

On October 18, 1966, motion for new trial was granted Murray Ohio on the ground that the medical proof disclosed that plaintiff had suffered a prior permanent disability and that therefore defendant would be liable only for that degree of disability caused by the second injury. It was asserted that the Second Injury Fund would be liable for the balance; if, in fact, plaintiff is permanently and totally disabled. Other grounds for a new trial were over-ruled, to which Murray Ohio excepted.

Plaintiff was ordered to amend his original declaration so as to make James Alexander, Treasurer of the State of Tennessee, as custodian of the Second Injury Fund, a party defendant; and to allege that he had suffered a prior compensable injury to his leg, which, coupled with the injury sustained at Murray Ohio, rendered him permanently and totally disabled.

On August 3, 1967, the Treasurer filed an answer denying that plaintiff had suffered a prior permanent partial disability and denying that the Second Injury Fund is liable to plaintiff in any amount.

On December 7, 1967, the trial judge rendered judgment in favor of plaintiff; awarding him 100 per cent permanent total disability to be apportioned as follows: 105 weeks at the rate of $38 per week for 60 percent permanent partial disability to one leg to be paid by Murray Ohio, for a total of $3,990, and $10,010 to be paid by the Second Injury Fund.

On September 23, 1968, the trial judge modified his judgment to add the following:

"* * * should it develop that the Second Injury is not applicable, then and in such an event the Defendant, Murray Ohio Manufacturing Company is not exonerated nor released from making the remaining payments but instead, shall be liable for same 'to-wit: Balance of payment equal to 100 per cent (100)% total permanent disability to the body as a whole.' "

Defendants Murray Ohio and the Treasurer of the State of Tennessee both made timely motions for new trial, which were overruled. Their appeals have since been perfected to this Court.

The assignments of error filed by Murray Ohio will be considered first. They are as follows:

"1. That the trial court erred in finding the employee one hundred (100%) percent disabled to the body as a whole, when all the evidence showed that the injury was limited to the employee's right leg.

2. That the Court committed error in signing a finding of facts which was not requested by either party, and which finding of facts was subsequently drawn by the successful party, which action is contrary to law.

3. That the court committed error when it found and held defendant liable for petitioner's extra expenses of: Forty ($40.00) Dollars for treatment from Dr. Molloy; Twelve ($12.00) Dollars for treatment from Dr. Haber; Seventy-Six ($76.00) Dollars for Medicines; and Eighty ($80.00) Dollars for travel expenses to and from physicians.

4. That the trial court erred because it abused its discretionary powers when it concluded from all the facts that petitioner was one hundred (100%) percent permanently and totally disabled."

Murray Ohio's first and fourth assignments of error urge that the trial court erred in finding the employee 100 per cent disabled to the body as a whole. In support of this contention it is argued that all the evidence showed that the injury was limited to the employee's right leg. This is also the contention of the Treasurer in his second assignment of error. In this situation, we will consider these assignments together.

Plaintiff, on the other hand, contends that this case comes under the rule enunciated in *F. Perlman & Company, Inc. v. Ellis* (1966), 219 Tenn. 373, 410 S.W.2d 166.

In *Perlman* the employee was struck on the head by a metal hook on the end of a hoist chain. He suffered loss of hearing, which is a scheduled loss, but also suffered speech impairment, an unscheduled injury. This unscheduled injury, together with its sequelae, in addition to the scheduled injury, was properly a basis for finding disability to the body as a whole. It is also necessary to note at the outset that this case does not involve consideration of the Second Injury Fund statute at all.

In the instant case, other injuries are alleged in the plaintiff's declaration; however, close scrutiny of the record fails to disclose that the plaintiff is now suffering from any injury other than that to his right lower extremity. It is pertinent to note the following that transpired on cross-examination of the plaintiff:

"Q. But the injury that you are complaining of is confined to the areas you just pointed to, around your foot and up in your leg?

A. Yes; see when I went to service * * *"

Plaintiff contends further that arthritis has developed in the injured foot, and that he is suffering pain to such extent that he is unable to sleep without sedatives for pain. He contends that this pain is so serious and detrimental to his well-being that it is an unscheduled injury and is therefore within the holding of the *Perlman* case, supra.

To this contention we must reiterate that the Legislature has made specific provision for awarding compensation for injury to or loss of scheduled members. Where such provision is made it must be assumed by this Court that the Legislature was then aware of the concomitant pain, suffering, etc. normally attendant upon impact injury.

Neither can we agree that pain accompanying an injury is analogous to the situation in the *Perlman* case. In *Perlman*, the scheduled injury was loss of hearing and the unscheduled loss was loss of speech and its sequelae. It was obvious in that case that the latter injury did not naturally and necessarily follow the first, nor was it a component of such. They were separate and distinct injuries and compensable as such. It is just as obvious

that the reverse is true in the instant case. To hold otherwise would permit the plaintiff to sever or splinter concomitant difficulties of a single injury.

The third assignment of error argues that the trial court erred when it found and held Murray Ohio liable for plaintiff's additional medical expense he incurred while being treated for this injury.

We are of the opinion that the plaintiff's testimony as to these expenses is material evidence sufficient to support the findings of the trial judge.

The Treasurer's second and third assignments of error are, in essence, identical to those of Murray Ohio. Any further discussion of them would only be superfluous. The Treasurer's first assignment does, however, present a different issue. This assignment is as follows:

"(1) That there is no material evidence to support the trial court's finding that the employee's pre-existing and subsequent injuries were permanently disabling industrially compensable injuries and involved more than one (1) member as required by T.C.A. sec. 50-1027 in order to sustain an award from the Second Injury Fund."

T.C.A. sec. 50-1027 provides, in material part, as follows:

"*Subsequently permanent injury after sustaining previous permanent injury—Estimation of compensation—'Second injury fund' created—Payments to— Disbursements from.*—If an employee has previously sustained a permanent disability * * * and becomes permanently and totally incapacited through the loss, or loss of use of another member, he shall be entitled to compensation from his employer or the employer's

insurance carrier only for the disability that would have resulted from the latter injury, and such earlier injury shall not be considered in estimating the compensation to which the employee may be entitled under this law from the employer or the employer's insurance carrier; provided, however, that in addition to such compenation for said subsequent injury, and after completion of the payments therefor, then such employee shall be paid the remainder of the compensation that would be due for the permanent total disability out of a special fund to be known as the 'second injury fund' herein created.''

■ At time of the employee's injury in this case three elements were required before one was entitled to recover from the Second Injury Fund. Those elements are (1) a prior permanent *disability,* (2) a subsequent injury resulting in (3) total and permanent disability. *Davis v. Alexander* (1963), 213 Tenn. 131, 372 S.W.2d 769.

■ It seems only necessary to point out that the argument of the Treasurer on this issue embodies some misconception of the statute prevailing at the time in question. The predicate of his argument is that the prior injury and disability must have been a permanently disabling *industrially compensable* one. On the contrary, the Second Injury Fund statute only requires that an employee have previously sustained a permanent *disability.* The essential difference is aptly pointed up in the case just cited and that of *Giles County v. Rainey* (1953), 195 Tenn. 239, 258 S.W.2d 774.

■ We cannot say that this record contains no material evidence of a prior permanent disability. However, the fact that such did exist does not resolve the difficulty with which the plaintiff's case here is fraught. There

seems to be no room for doubt but that the prior disability and the present one are related to the same member. Such is not total incapacity "through the loss or loss of use of *another member*," which is clearly made the test for second injury recovery.

■ Somewhat parenthetically, we feel we should point out that much of the testimony in this record pertaining to the subject of extent of the disability after the second injury is misdirected. Much of the proof as to extent of disability tacitly embodies the concepts of incapacity of the body as a whole and reduction of earning capacity. Since the 1963 Amendment to T.C.A. sec. 50-1007(c), that is not the proper approach; for the award in such case must be measured by per cent of injury to the member alone. See *Aerosol Corporation of the South v. Johnson* (1968), 222 Tenn. 339, 435 S.W.2d 832; *Shores v. Shores* (1965), 217 Tenn. 96, 395 S.W.2d 388.

The record shows that the trial judge based his award on the conclusion that the plaintiff's disability was 100 per cent to the body as a whole. For the reasons previously stated in this opinion, we think this was error. The liability here simply must be confined to that fixed by the terms of T.C.A. sec. 50-1007 and its sub-sections.

It results that the decision below is reversed, in its entirety as to the Treasurer, as Custodian of the Second Injury Fund; and the liability of the employer is limited as above indicated to that fixed for the member injury occurring while plaintiff was in the employ of defendant Murray Ohio. The cause is remanded to the trial court for such further proceedings as may be deemed necessary. In view of the fact that the employer has conceded 60 per cent permanent disability to the right lower extremity, there probably will be no further proceedings

necessary beyond entry of the appropriate judgment; but not inconsistent with this opinion.

The costs of this appeal are assessed against plaintiff, Traney Yarber.

DYER, CHIEF JUSTICE, and CHATTIN and HUMPHREYS, JUSTICES, concur.

McCANLESS, JUSTICE, not participating.