Chester W. CAMPBELL, Appellee,

v.

The TRAVELERS INSURANCE COM-
PANY et al., Appellants.

Supreme Court of Tennessee.

June 19, 1972.

Charles B. Lewis, Knoxville, for The
Travelers Ins. Co.

David M. Pack, Atty. Gen., of Tennes-
see, C. Hayes Cooney, Asst. Atty. Gen., of
Tennessee, John Gill, Asst. Dist. Atty. Gen.,
Knoxville, for Thomas A. Wiseman, Jr.

William D. Vines, III, Knoxville, for
appellee.

## OPINION

CRESON, Justice.

The record in the instant case involves
a suit commenced by Chester W. Campbell
in the Chancery Court of Knox County,
Part I, to recover benefits under the Work-
men's Compensation law. The suit was
instituted against The Travelers Insurance
Company, the workmen's compensation in-
surance carrier of Campbell's employer, and
Thomas A. Wiseman, Jr., Treasurer of the
State of Tennessee and Custodian of the
Second Injury Fund. The Travelers In-
surance Company has seasonably perfected
an appeal-in-error to this Court from the
final decree of the trial court holding that
the insurance carrier was solely liable for
payment of the permanent total disability
benefits awarded to Campbell in the in-
stant case.

In the course of this opinion the parties
will be referred to as follows: Chester W.

Campbell, as petitioner; The Travelers Insurance Company, as defendant Travelers; and Thomas A. Wiseman, Jr., as defendant Wiseman.

The complaint was filed on March 31, 1971, against defendant Travelers. It is alleged by petitioner that on March 3, 1971, he suffered "an injury to his back" while employed by Shelby Grocery and Milling Company of LaFollette, Tennessee; that this injury is compensable under the Workmen's Compensation Act; and that defendant Travelers is workmen's compensation carrier for petitioner's employer. Petitioner avers that proper notice of injury was given to Shelby Grocery and Milling Company and defendant Travelers; that he is in need of hospitalization but defendant Travelers refuses to honor his claim and authorize hospitalization; and that petitioner is permanently disabled as a result of this injury. Petitioner prayed for an expeditious hearing to determine if the injury is compensable so that he might receive proper medical treatment.

On May 3, 1971, defendant Travelers filed its answer denying that petitioner sustained any injury on March 3, 1971 while working for Shelby Grocery and Milling Company; that it had ever received any notice of injury; and that petitioner was a regular employee of Shelby Grocery and Milling Company. It is the allegation of defendant Travelers that petitioner "was a casual employee and not entitled to the benefits of the Workmen's Compensation Act."

The cause was heard on May 25, 1971. The Chancellor determined that the injury sustained by petitioner on March 3, 1971, arose out of and in the course of his employment and was compensable under the Workmen's Compensation law. Petitioner was awarded temporary total disability and medical benefits. The cause was passed to September 14, 1971, for a further hearing to determine if petitioner was entitled to any additional benefits.

On May 27, 1971, petitioner amended his complaint to add defendant Wiseman as a party defendant. Petitioner alleges that in 1966 he sustained an injury to his back resulting in 62 per cent permanent partial disability to the body as a whole; that in 1968 petitioner sustained another injury to his back resulting in additional permanent partial disability to the body as a whole; and that as a result of the previous injuries and the injury on March 3, 1971, petitioner is now totally and permanently disabled.

Defendant Wiseman filed a motion to dismiss the complaint for the reason that "the alleged prior injuries and the present or current injury were all to the back . . . and the current injury was not to another member as required by the provisions of Tennessee Code Annotated, Section 50–1027."

The trial court overruled the motion. An answer was filed by defendant Wiseman on August 2, 1971, reiterating the allegations presented in the motion to dismiss.

The pertinent provisions of T.C.A. § 50–1027 are:

"If an employee has previously sustained a permanent disability by reason of the loss of, or loss of use of, a hand, an arm, a foot, a leg, or an eye and becomes permanently and totally incapacitated through the loss, or loss of use of another member, he shall be entitled to compensation from his employer or the employer's insurance carrier only for the disability that would have resulted from the latter injury, and such earlier injury shall not be considered in estimating the compensation to which the employee may be entitled under this law from the employer or the employer's insurance carrier; provided, however, that in addition to such compensation for said subsequent injury, and after completion of the payments therefor, then such employee shall be paid the remainder of the compensation that would be due for the permanent

total disability out of a special fund to be known as the 'second injury fund' herein created."

The record reflects that on March 3, 1971, petitioner was employed by Shelby Grocery and Milling Company. On the aforementioned date petitioner was assigned to unload fertilizer from a tractor-trailer truck. While he was performing this duty a bag of fertilizer fell from a hand truck, which petitioner was using. As the load on the hand truck was shifting, petitioner fell and injured his back.

Petitioner had injured his back on two previous occasions. The first occurrence was in 1966 when petitioner "fell out of a tree". As a result of this accident petitioner was adjudged to have sustained a 62% permanent partial disability to the body as a whole. The 1966 injury was to the middle area of petitioner's back.

The second injury occurred in 1968 in Massachusetts. In 1968 petitioner injured "the lower part" of his back. Petitioner received additional permanent partial disability benefits as a result of this accident.

The current injury was approximately an inch below the 1968 injury. The record reflects that the parties stipulated that petitioner was 90% permanently partially disabled as a result of the two prior injuries.

The trial judge determined: (1) that petitioner was 90% permanently partially disabled as a result of the 1966 and 1968 injuries; (2) that as a result of the current injury petitioner is totally and permanently disabled; and (3) that the Second Injury Fund is not liable for any part of the judgment since the current injury did not involve another member. The trial court entered judgment on November 10, 1971, against defendant Travelers in the amount of $14,103.34.

From this adverse judgment in the trial court defendant Travelers has seasonably perfected an appeal-in-error to this Court.

The sole assignment of error presented in the case at bar is as follows:

"The Honorable Chancellor erred in determining that separate injuries to different parts of the back, which rendered the Petitioner permanently and totally disabled, did not meet the requirement of injury to 'another member', TCA § 50–1027, thereby releasing the State of Tennessee's Second Injury Fund from all liability."

Defendant Travelers argues that this Court's opinion in Stovall v. General Shoe Corporation (1959) 204 Tenn. 358, 321 S.W. 2d 559, is controlling in the case at bar. While it is true this Court determined that the back was another member under T.C.A. § 50–1027 in Stovall v. General Shoe Corporation, supra, the facts of the prior case clearly show that it is not applicable to the case at bar. The *Stovall* case involved a prior injury to the leg with a current injury to the back resulting in permanent total disability. The facts present in Stovall v. General Shoe Corporation, supra, demonstrate that the prior and current injuries involved separate and distinct members. Under no stretch of the imagination can it be said the *Stovall* case stands for the proposition that a prior and current injury to different parts of the same member is an injury to another member.

In Murray Ohio Manufacturing Co. v. Yarber (1969) 223 Tenn. 404, 446 S.W.2d 256, this Court was presented with a claim against the Second Injury Fund based on a prior and current injury to the same leg. In denying recovery against the Second Injury Fund, this Court noted that the prior and present injuries were "related to the same member".

Murray Ohio Manufacturing Co. v. Yarber, supra, shows defendant Travelers' assertion, that separate injuries to separate parts of the same member are injuries to another member, is without merit. We pointed out that the correct test is "total

incapacity 'through the loss or loss of use of another member' . . . "

The assignment of error is overruled and the decree of the Chancellor affirmed. Costs of this appeal are taxed to The Travelers Insurance Company.

DYER, C. J., CHATTIN and McCAN-LESS, JJ., and JENKINS, Special Judge, concur.