Robert BROWN, Jr., Plaintiff-Appellee,

v.

JOHN MARTIN CONSTRUCTION COMPANY, et al., Defendants-Appellees,

and

Harlan Mathews, Jr., Treasurer of the State of Tennessee and Custodian of the Second Injury Fund, Defendant-Appellant.

Supreme Court of Tennessee.

Nov. 15, 1982.

Frank J. Scanlon, Sr. Asst. Atty. Gen., Nashville, for defendant-appellant.

James C. Lee, Chattanooga, for plaintiff-appellee.

Spears, Moore, Rebman & Williams, Goins, Gammon, and Baker, Jeffrey L. Cleary, Chattanooga, for defendants-appellees.

OPINION

DROWOTA, Justice.

Two issues involving the Second Injury Fund are raised in this worker's compensation case: (1) whether an injury to the back qualifies, under T.C.A. § 50–1027, as an injury entitling the plaintiff-employee to receive benefits under the Second Injury Fund of the State of Tennessee; and (2) whether an employee-supervisor's knowledge of his own prior disability can be imputed to the employer to satisfy the "written record" requirement of T.C.A. § 50–1027.

The plaintiff-employee, Robert Brown, Jr., first sustained a back injury in 1962, which required three back operations, the last being a spinal fusion in early 1966. Plaintiff had a 25% permanent partial disability as a result of his 1962 injury. After the 1966 spinal fusion, Brown was able to resume normal employment with the defendant, John Martin Construction Company. Brown became a supervisor with the defendant company and on December 6, 1977, he fell from a wall fracturing his right heel. Brown was recovering from the fractured heel when he again developed back problems which required more surgery to remove several discs and to repair the site of the previous fusion. The undisputed testimony was that, due to the present condition of his back, Brown is now 100% permanently disabled.

The Chancellor found Brown to be permanently and totally disabled as a result of the injury which occurred on December 6, 1977. The Chancellor awarded the plaintiff maximum benefits for total permanent disability. He ordered the defendant-employer to pay for 75% of the disability and assessed the remaining 25% against the custodian of the Second Injury Fund.

I

It is well established that a back injury qualifies under T.C.A. § 50–1027 as an injury entitling the employee to receive benefits from the Second Injury Fund. *See, e.g., E.I. du Pont de Nemours & Company v. Friar,* 218 Tenn. 554, 404 S.W.2d 518 (1966); *Stovall v. General Shoe Corp.,* 204 Tenn. 358, 321 S.W.2d 559 (1959). The Second Injury Fund argues, essentially, that the legal maxim *inclusio unius est exclusio alterius* should govern the construction of the statute. Since the legislature has specifically enumerated disabilities occasioned by loss of, or loss of the use of, a hand, arm, foot, leg or eye, the appellant contends the legislature has excluded other disabilities. We cannot agree. We are admonished by the legislature to give the worker's compensation statutes an equitable construction. T.C.A. § 50–918 provides:

"The rule of common law requiring strict construction of statutes in derogation of common law shall not be applicable to the provisions of the Workmen's Compensation Law, but the same is declared to be a remedial statute which shall be given an equitable construction by the courts to the end that the objects and purposes of this law may be realized and attained." Back injuries are common among industrial workers, and employers who hire those with previous back injuries should benefit from the legislature's benevolence along with employers who hire persons with one of the enumerated disabilities. The custodian of the Second Injury Fund raised this question in *Stovall v. General Shoe Corp., supra,* and in *E.I. du Pont de Nemours & Company v. Friar, supra.* In these cases, this Court rejected the strict construction advocated by the custodian. We think our holdings addressing this issue are correct, and we reaffirm them.

II

We now address the "written record" issue raised by the Second Injury Fund. T.C.A. § 50–1027 provides:

"To receive benefits from the second injury fund, the injured employee must be the employee of an employer who has properly insured his worker's compensation liability or has qualified to operate under the Tennessee Worker's Compensation law as a self-insurer, and the employer must establish by written records that the employer had knowledge of the permanent and pre-existing physical impairment at the time that employee was hired or at the time the employee was retained in employment after the employer acquired such knowledge but in all cases prior to the subsequent injury."

In the case before us, John Martin Construction Company did not establish by written record that it employed Brown with knowledge of his previous disability or that it acquired such knowledge before the employee's second injury and the Company does not contend that it has actual knowledge. John Martin Construction Company

asserts that since the employee was a supervisor at the Company, and since the employee was aware of his own disability, the employee's knowledge is imputed to the Company. In an attempt to satisfy the "written record" requirement, the Company introduced at trial a letter from the employee's attorney to Dr. Paul Thompson, dated December 8, 1966. This letter indicates a copy was sent to the employee. The letter discusses his disability resulting from his back injury. The employer argues that this letter establishes by written records that the employee had knowledge of his pre-existing permanent disability, and that since the employee-supervisor's knowledge is imputed to the Company, it has established by written record that it had knowledge of the employee's disability before the second injury.

The employer relies on *Employers-Commercial Union Companies v. Taylor*, 531 S.W.2d 104 (Tenn.1975), *Cleveland-Tennessee Enamel Company v. Eaton*, 517 S.W.2d 10 (Tenn.1974), and *Gluck Brothers, Inc. v. Breeden*, 215 Tenn. 587, 387 S.W.2d 825 (1965) as authority for its position. These cases are not authority for the employer's position, however, as they address the issue of whether an employee's reporting his injury to his supervisor satisfies the notice requirement of T.C.A. § 50–1001. The provisions of § 50–1027 are independent, and they must be complied with if the Second Injury Fund is to be assessed.

The purpose of T.C.A. § 50–1027, the Second Injury Fund, is to encourage the hiring of the handicapped. The statute provides that when an employee, having previously sustained a permanent disability through the loss, or loss of use, of some body member, subsequently, while working for his present employer, suffers a disability to another body member, the effect of which, when taken in combination with the first, renders the employee totally and permanently disabled, the employer or his insurance carrier is liable only for the disability benefits that would be payable for the second injury. The statute further provides that, in addition to the benefits received for the second injury, the employee shall be paid by the State, out of the Second Injury Fund, the remainder of the benefits that would be due for the permanent total disability.

The statute encourages employers to hire handicapped persons by relieving an employer, who knowingly hires a handicapped person or retains an employee after discovering the employee has a physical impairment, of part of the liability for disability benefits. The statute seeks to reward the employer's humane gesture. But there can be no such humane gesture unless the employer acts with the knowledge that he is hiring or retaining the handicapped. Since it is precisely this act of goodwill which the legislature wishes to reward, the legislature has determined that the employer must prove by documents that he had knowledge of the previous injury or handicap. The construction company, in this case, did not hire the employee with knowledge of his disability, nor did the company discover the disability before the second injury. The company's imputed knowledge argument does not persuade us. To apply such a theory to this case would in no way further the legislative objective behind the statute.

■ Neither the parties nor the court below addressed the issue that T.C.A. § 50–1027 requires that the second injury must be to "another member" of the body. Where the second injury is to the same part of the anatomy as the original injury, there can be no recovery from the Second Injury Fund. *Campbell v. Travelers Ins. Co.*, 482 S.W.2d 779, 781 (Tenn.1972). Here, the initial and subsequent injuries appear to have been to the back. However, since this issue was not argued by the parties and since our holding as to the written record requirement disposes of this appeal, we shall not address this issue.

The judgment of the chancellor in assessing the Second Injury Fund is reversed and the cause remanded to the Chancery Court of Hamilton County for enforcement of the judgment awarding worker's compensation benefits and any other orders which may be necessary. The costs of this appeal shall be

**148**

taxed to the defendant John Martin Construction Company and its worker's compensation carrier.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.