Murriel F. Davis, Plaintiff in Error,

*v.*

James Alexander, Treasurer of the State of Tennessee, as custodian of the Second Injury Fund, Defendant in Error.

372 S.W.2d 769

(*Knoxville,* September Term, 1963.)

Opinion filed November 6, 1963.

James C. Lee, Chattanooga, for plaintiff in error.

George F. McCanless, Attorney General, Marne S. Matherne, Assistant Attorney General, for defendant in error.

Mʀ. Jᴜsᴛɪᴄᴇ Wʜɪᴛᴇ delivered the opinion of the Court.

The question in this case is whether an employee may recover from the Second Injury Fund of the Workmen's Compensation Act (T.C.A. sec. 50-1027), under the circumstances appearing herein.

The plaintiff in error, petitioner below, alleges in his petition for workmen's compensation benefits that on December 28, 1961, while in the employ of the defendant, Dance Freight Lines, Inc., he suffered an accidental injury which grew out of and in the course of his employment entitling him to certain benefits of the Act.

Following the accident the petitioner received medical treatment. The defendant paid to petitioner temporary total disability benefits up to and including October 27, 1962, at which time such payments ceased.

In his petition the employee avers that he is totally and permanently disabled within the meaning of the Workmen's Compensation Law. He further avers that sometime prior to the aforesaid accident he underwent an operation on his spine which was not connected with

any accident. He admits that after recovering from the operation he was able to perform his regularly assigned work without difficulty, but avers that his present permanent disability may partially result from an aggravation of the spinal nerves at the site of said operation.

He then makes the statement in his petition that "because of this, petitioner feels that the Court may conclude that some portion of his present permanent total disability should be assessed against the Second Injury Fund of the State of Tennessee."

James H. Alexander, as Treasurer of the State of Tennessee and Trustee of the Second Injury Fund, demurred to the petition on the ground that the petition showed on its face that the petitioner had not "previously sustained a permanent disability by reason of the loss of, or loss of use of, a hand, an arm, a foot, a leg, or an eye", and further that "the petition shows on its face that petitioner is not permanently and totally incapacitated."

The petitioner and his employer, through their attorneys of record, announced to the trial court that an agreement had been reached to settle and compromise their differences between themselves. The petitioner would have and recover of the defendant, Dance Freight Lines, Inc., temporary total disability at $34.00 per week for a period of thirty-two weeks from and after October 27, 1962, and permanent partial disability to the extent of thirty-seven and one-half per cent of the body as a whole, which amounts to $34.00 per week for one hundred and fifty weeks "by reason of the aggravation of his pre-existing neck condition", together with all medical expenses incurred by the petitioner for one year after

the date of injury and the receipt of said total amount was acknowledged by the petitioner, through his attorneys.

The court approved this settlement and thereafter, according to the final decree, the petitioner announced that he was ready to proceed to trial on his claim against the Second Injury Fund maintained by the State of Tennessee, on his contention that he was *totally* and permanently disabled by reason of the aggravation of his previous spinal injury as set forth in his complaint. Upon consideration thereof, the court dismissed such contention and allowed an appeal to this Court.

The Second Injury Fund, as set out in T.C.A. sec. 50-1027, provides "[i]f an employee has previously sustained a permanent disability by reason of the loss of, or loss of use of, a hand, an arm, a foot, a leg, or an eye and becomes permanently and *totally* incapacitated through the loss, or loss of use of another member, he shall be entitled to compensation * * *." (Emphasis supplied.)

The facts are that an operation was performed upon the spine of this employee without resulting in any degree of permanent disability. He was released by his physician as being able to return to work and did return to perform his regular work and did perform the same without difficulty according to the petition. Subsequently, he sustained a permanent partial disability resulting in payments to him by his employer for temporary total disability, and thirty-seven and one-half per cent permanent partial disability to his body as a whole.

■ T.C.A. sec. 50-1027 provides for payment from the Second Injury Fund when and only when an em-

ployee becomes permanently and totally incapacitated resulting from a second injury. If the employee is not permanently and totally disabled, then he has no claim against the Second Injury Fund. In order to sustain such a claim he has to prove first that he sustained a previous permanent disability and that as a result of a second injury he has become permanently and totally disabled.

The petitioner in this proceeding agreed in open court that he was not *totally* disabled and, as a matter of fact, agreed that his permanent partial disability was only thirty-seven and one-half per cent to the body as a whole.

Finally, we hold that there must be two permanent disabilities, the second resulting in total disability before there can be a recovery under the Second Injury Fund.

The case of *Stovall v. General Shoe Corporation*, 204 Tenn. 358, 321 S.W.2d 559 (1959), has no application since the only holding of that case was that an injury to the back is within the contemplation of the Second Injury Fund.

We believe that the trial judge was correct in dismissing the claim of the petitioner against said Fund, and his action in so doing is affirmed.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.