HUBERT L. CHURCH, Appellee-Complainant,

*v.*

N. B. C. Co., INC., and B. J. CHURCH COMPANY, INC., Appellants-Defendants,

and

CHARLES WORLEY, Treasurer of the State of Tennessee, as custodian of the Second Injury Fund,

461 S.W.2d 387.

(*Knoxville*, September Term, 1969.)

Opinion filed August 3, 1970.

DICK L. JOHNSON, Johnson City, for appellants-defendants.

JOHN D. GOODIN, Johnson City, for appellee-complainant.

DAVID M. PACK, Attorney General & Reporter and C. HAYES COONEY, Assistant Attorney General, Nashville, and LEWIS M. MAY, District Attorney General and JUDSON D. THORNTON, Assistant District Attorney General, Jonesboro, for appellee-defendant Charles Worley.

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

This is a workmen's compensation case presenting the one issue that the trial court was in error in holding the Second Injury Fund, T.C.A. sec. 50-1027, could not be reached under the facts of this case.

On July 22, 1963, Hubert L. Church (employee) suffered compensable injuries and was awarded benefits for permanent partial disability based upon five per cent loss of use of the body as a whole, twenty per cent loss of use of the left hand, and nineteen per cent loss of hearing. On November 10, 1964, employee suffered compensable injuries from a second industrial accident and was awarded benefits based upon sixty per cent permanent partial disability to the right leg. The total of the first award was $3,000.00, and the second award $3,600.00.

On January 31, 1968, employee brought the suit now before the Court against the N. B. C. Company, Inc. (employer) alleging he was totally and permanently disabled having contracted the occupational disease of silicosis from causes related to his employment. The employer answered asserting several defenses and also filed a cross-bill making the Treasurer of the State of Tennessee, as custodian of the Second Injury Fund, a party alleging that if the employee were entitled to benefits for total disability, a part of the judgment should be allocated to the Second Injury Fund due to the previous permanent partial benefits received by the employee.

Upon the hearing the chancellor found employee was totally and permanently disabled as a result of the silicosis and entered a judgment against the employer in conformity therewith. Suit against the Second Injury Fund was dismissed resulting in this appeal by employer.

The chancellor held since the prior permanent disabilities did not combine with the disability resulting from silicosis to cause the permanent total disability the Second Injury Fund could not be reached.

There must be at least two permanent disabilities, the second resulting in total disability, before there can be a recovery under the Second Injury Fund. *Davis v. Alexander*, 213 Tenn. 131, 372 S.W.2d 769 (1963). The issue here is whether the prior disability must combine with the current disability to produce total disability in order to recover from the Second Injury Fund.

The position of the employer is as follows: It is admitted the employee has sustained a previous permanent disability the percentage shown to be 46.125. It is admitted employee from the current disability (silicosis) has become premanently and totally disabled and entitled to full benefits stated in percentage terms as 100 per cent. That under the language of T.C.A. sec. 50-1027, the Second Injury Fund would be liable for 46.125 per cent of the award and the employer liable for the balance.

The applicable portion of T.C.A. sec. 50-1027 reads as follows:

> If an employee has previously sustained a permanent disability by reason of the loss of, or loss of use of, a hand, an arm, a foot, a leg, or an eye and becomes permanently and totally incapacitated through the loss, or loss of use of another member, he shall be entitled to compensation from his employer or the employer's insurance carrier only for the disability that would have resulted from the latter injury, and such earlier injury shall not be considered in estimating the compensation to which the employee may be entitled under this law from the employer or the employer's insurance carrier; provided, however, that in addition to such compensation for said subsequent injury, and after completion

of the payments therefor, then such employee shall be paid the remainder of the compensation that would be due for the permanent total disability out of a special fund to be known as the "second injury fund" herein created.

■ This last sentence in the paragraph above has to be read in light of the fact an employee disabled from one industrial accident or occupational disease would not be entitled to benefits beyond total and permanent disability in percentage terms of 100 per cent. In the case at bar the employee sustained total permanent disability (100 per cent) from the current disability (silicosis) without considering the previous permanent disability. Under the language of this statute the employer is liable for benefits due resulting from silicosis and since this amounts to all the benefits employee could receive, then it follows there are no benefits due employee for which the Second Injury Fund would be liable.

Employer cites the recent case of *Bland Casket Co. v. Davenport,* 221 Tenn. 492, 427 S.W.2d 839 (1968). The employee in the *Bland* case had a thirty-five per cent permanent partial disability existing prior to the current disability. When employee sustained the current disability he was found to be permanently and totally disabled but there is no finding the current disability alone caused the total disability. The holding in the Bland case, as modified by this Court, pertinent to the issue in the case at bar is as follows: Upon sustaining the current injury the employee was found to be totally and permanently disabled, of which total disability the current injury contributed sixty-five per cent for which the employer was liable and the previous permanent dis-

ability contributed, thirty-five per cent for which the Second Injury Fund was liable.

The judgment of the trial court is affirmed.

CRESON, HUMPHREYS and MCCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.