ALASKA WORKMEN'S COMPENSATION BOARD and Valgene Clothier, Appellants,

v.

H & M LOGGING COMPANY and Employers Insurance of Wausau, Appellees.

No. 1433.

Supreme Court of Alaska.

Dec. 30, 1971.

Charles K. Cranston, Asst. Atty. Gen., Anchorage, John E. Havelock, Atty. Gen., Juneau, for appellant AWCB.

No appearance for appellant Valgene Clothier.

Charles P. Flynn, Burr, Pease & Kurtz, Inc., Anchorage, for appellees.

Before BONEY, C. J., and RABINO-WITZ, CONNOR, and ERWIN, JJ.

## OPINION

CONNOR, Justice.

This appeal concerns a question of statutory construction: does our workmen's compensation law, AS 23.30.205, as it was worded in 1967, provide for payment from the second injury fund to a claimant suffering from permanent partial disability?

On September 7, 1967, Valgene Clothier was injured while in the employ of appellee H & M Logging Company. At the time of this injury, Mr. Clothier was already suffering from a permanent partial disability as the result of a previous industrial accident. The appellant, Alaska Workmen's Compensation Board, found that the previous injury had resulted in a 56⅔ percent permanent partial disability and that the cumulative effect of the two injuries was a 90 percent permanent partial disability. The appellees were ordered to compensate Mr. Clothier for the entire 33⅓ percent increase in his disability.

The insurance carrier sought an injunction from the superior court [1] enjoining the claimant, Mr. Clothier, and the appellant board from enforcing the board's decision. The insurance carrier further sought to require the board to determine the percentage of permanent partial disability which would have been caused by the 1967 accident had the claimant been able-bodied at that time, and to require the carrier to compensate the claimant only for that amount of disability. The superior court granted the injunction and ordered that the carrier pay compensation only for that increment of permanent partial disability caused by the 1967 injury which would not have been incurred but for the previous injury. The court remanded the case to the board because the board had made findings only as to the combined effects of the two injuries, but had made no finding as to the specific amount of disability caused by the second injury alone. That portion of the court's determination is not appealed from.

The court ordered that the compensation for the difference between the amount to be paid by the employer and the amount to which Clothier would be entitled because of the disability resulting from the combination of the two injuries should be paid by the second injury fund. This portion of the court's order is the subject of this appeal.

The issue now before us is whether the board can be required to order the second injury fund to compensate the claimant for this increase in permanent *partial* disability which resulted from the combination of his two injuries. We hold that it cannot be required to do so.

In 1967, AS 23.30.205 provided:

"(a) If an employee receives an injury which of itself would only cause a specific permanent partial disability but which, combined with a previous disability, does in fact cause either permanent total disability, or permanent partial disability greater than would have been the result of the subsequent injury alone, the employer shall provide compensation only for the disability caused by the subsequent injury. In addition to compensation for the subsequent permanent partial disability, and after the cessation of the payments for the prescribed period of weeks for both the permanent total disability and permanent partial disability, the employee shall be paid the remainder of the compensation that

1. AS 23.30.125 (c).

would be due for permanent total disability. The additional compensation shall be paid out of the second injury fund established in § 40 of this chapter.

"(b) In all other cases in which, following a previous disability, an employee receives an injury which is not covered by (a) of this section, the employer shall provide compensation only for the disability caused by the subsequent injury. In determining compensation for the subsequent injury or for death resulting from the subsequent injury the average weekly wage is the sums which will reasonably represent the earning capacity of the employee at the time of the subsequent injury."

 The purpose of second injury legislation such as AS 23.30.205 is to equate the workmen's compensation insurance premiums for handicapped employees with those of able-bodied workers.[2] In 1967, as now, that purpose is carried out by limiting the liability of an employer to the amount of compensation which would be due an able-bodied employee, whether or not the worker was already suffering from a disability caused by an earlier injury.[3] If the second or subsequent injury increased the disability of the employee to the extent that he became permanently and totally disabled, he could receive additional compensation from the second injury fund.[4] The amount of compensation paid by the fund would have been indeterminate. Payments would have begun when those from the employer ceased and would have continued throughout the disability.

 In 1967 no provision was made for payments from the fund to an employee who had not become permanently and totally disabled. The handicapped employee whose permanent partial disability was increased by a subsequent injury could receive compensation only from his employer and only to the extent that the employer would have been liable to an able-bodied worker.

Under the law in 1967 the liability of the second injury fund is determined by the second sentence of subsection (a) of the quoted statute. The "subsequent permanent partial disability" referred to is the disability that would have been incurred by an able-bodied employee who had suffered the injury in question. It is only an amount "in addition to" this compensation which must be paid by the second injury fund. But the statutory language then limits the liability of the second injury fund to paying only the remainder of the compensation that would be due for "permanent total disability".[5] Nothing is said about permanent partial disability compensation being paid from the second injury fund.[6]

It is not clear why the word "permanent" was used in this particular statutory clause. Perhaps the legislature really meant to use

2. *See* 2 A. Larson, Workmen's Compensation, § 59.31 (1970).

3. *Id.*

4. *Id.*

5. The predecessor of the 1967 law, A.C. L.A.1949, § 43-3-1(12), read as follows: "In those cases where an employee receives an injury arising out of and in the course of his or her employment which, of itself, would cause only permanent partial disability but which, combined with a previous disability or injury, does in fact cause permanent total disability, the employer shall only be liable for the permanent partial disability caused by the subsequent injury; provided, however, that in addition to compensation for such permanent partial disability and after the cessation of the payments for the amounts prescribed therefor, the injured employee shall be paid the remaier [sic] of the compensation that would be due for *permanent total disability* out of the second injury fund hereinbefore created and provided." (Emphasis added.) *See* Scott v. Alaska Industrial Board, 91 F.Supp. 201, 202 (Alaska 1950), where the territorial District Court interpreted A.C.L.A.1949, § 43-3-1(12) as limiting compensation from the second injury fund to cases where there is a "permanent total disability."

6. As we noted in J. B. Warrack Company v. Roan, 418 P.2d 986, 989, n. 6 (Alaska 1966), this particular language simply does not make sense.

the term "temporary total disability" but used "permanent total disability" instead. But it is clear that compensation from the second injury fund is payable only if there is a permanent total disability. Interpretations of the federal act [7] and of state acts similar to ours limit second injury fund payments to persons who are permanently and totally disabled. Liberty Stevedoring Co. v. Cardillo, 18 F.Supp. 729, 731 (E.D. N.Y.1937); Davis v. Alexander, 213 Tenn. 131, 372 S.W.2d 769 (1963); Second Injury Fund v. Keaton, 162 Tex. 250, 345 S.W.2d 711 (1961).

The apparent legislative oversight embodied in the law as it existed in 1967 was remedied by an amendment to AS 23.30.205 in 1968.[8] We cannot, however, provide for compensation not authorized by the statute as it existed in 1967. Its language was then clearly to the contrary. The 1968 amendment was not made retroactive by the legislature.

The judgment of the superior court must, therefore, be reversed and remanded with instructions to modify its order in a manner consistent with this opinion.

Reversed and remanded.

7. The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 908, reads in part as follows:
 "(f) Injury increasing disability: (1) If an employee receive an injury which of itself would only cause permanent partial disability but which, combined with a previous disability, does in fact cause permanent total disability, the employer shall provide compensation only for the disability caused by the subsequent injury: *Provided, however,* That in addition to compensation for such permanent partial disability, and after the cessation of the payments for the prescribed period of weeks, the employee shall be paid the remainder of the compensation that would be due for permanent total disability. Such additional compensation shall be paid out of the special fund established in section 944 of this title." (Emphasis in original text.)

8. AS 23.30.205(a) now provides:
 "If an employee who has a permanent physical impairment from any cause or origin incurs a subsequent disability by injury arising out of and in the course of his employment resulting in compensation liability for disability that is substantially greater by reason of the combined effects of the preexisting impairment and subsequent injury or by reason of the aggravation of the preexisting impairment than that which would have resulted from the subsequent injury alone, the employer or his insurance carrier shall in the first instance pay all awards of compensation provided by this chapter, but the employer or his insurance carrier shall be reimbursed from the second injury fund for all compensation payments subsequent to those payable for the first 104 weeks of disability."