A. L. GINN *v.* FOREST NURSERY CO.

(*Nashville,* December Term, 1931.)

Opinion filed July 23, 1932.

Mᴇʀᴄᴇʀ & Jᴏʜɴsᴏɴ, for plaintiff in error.

Jᴏʜɴ T. McCᴀʟʟ and Rᴏʙᴇʀᴛs & Rᴏʙᴇʀᴛs, for defendant in error.

Mʀ. Jᴜsᴛɪᴄᴇ Sᴡɪɢɢᴀʀᴛ delivered the opinion of the Court.

Plaintiff in error's claim for compensation was dismissed by the Circuit Court of Warren County, and he has appealed in error.

We quote that part of the judgment of the circuit court which was adverse to the plaintiff in error:

"The court further finds that the petitioner is not entitled to recover because the defendant is engaged in agricultural business and that at the time petitioner received said injuries he was a farm or agricultural laborer, therefore, dismisses the petitioner's petition and taxes

him with the costs of the cause, for which execution may issue.''

The circuit court gave effect to section 6 of the workmen's compensation law, Acts 1919, chapter 123 (Code of 1932, section 6856), which excludes from the benefits and burdens of the compensation law ''farm or agricultural laborers and employers thereof.''

The facts to which this provision of the law was applied are not controverted.

The employer operates a nursery, growing shrubs, evergreens and shade trees. It has ''a place of several acres'' in the town of McMinnville, where ''shrubs and things like that'' are grown, and a farm near the town. The place in town is equipped with a ''packing barn.'' The company employs more than five men. This is substantially all the evidence with regard to the general nature and extent of the business.

Plaintiff in error was injured while digging a shrub from the ground, using an ordinary spade or shovel. His description of the accident is: ''My foot slipped off of the spade and struck my knee against the top part of the spade. You see, I had my foot on top of the spade, pushing the spade, and the spade hit on something and turned halfway around and throwed my foot off and struck my knee against the top part of the spade, as I went to fall, my knee struck the top part of the spade and bruised it.''

At the date of this accident, plaintiff in error had been an employe of the nursery company for about two years. He had worked on both places above described, the accident occurring at the smaller place in town. He had sometimes plowed with a two-horse plow, but described his work mainly as working in the bushes, trees and

shrubs, spading them, taking them up, packing them with heavy balls of dirt around their roots, and assisting in trucking the products, packed for shipment, to the local railroad depot. He concluded his description by saying that he did "just any kind of work there was to do down there."

The record before us does not show the extent of the employer's business except as hereinabove indicated. It is not shown whether its products were sold at wholesale or retail, nor the extent of its clerical or sales force. So far as is shown, all of its employes were engaged in the production and care of plants and young trees, doing the same kind of work as the plaintiff in error did.

Concerning the nature of the exception of "farm and agricultural laborers" from the application of workmen's compensation laws, the text of Ruling Case Law, volume 28, page 718, says: "Agricultural employment has been excepted, as a rule, from the operation of the compensation acts in the United States, Canada, and England, though it frequently has been provided that farmers may elect to bring themselves within the statute. Here, as elsewhere, the test is the work actually performed by the employe, and not the general occupation or purposes of the employer. The expression 'agriculture' includes horticulture, forestry, and the use of land for any purpose of husbandry, inclusive of the keeping or breeding of live stock, poultry, or bees, and the growth of fruit and vegetables. The numerous tasks incidental to these activities are all within the scope of the employment of a farm laborer."

We have not been able to find any case which directly rules the question, whether the growing of nursery stock

is agricultural labor, within the meaning of the term as used in the compensation laws. *Dunnigan* v. *Clinton Falls Nursery Co.,* 155 Minn., 286, 193 N. W., 466, is cited for the plaintiff in error, but in that case it was assumed and not decided that the employment was within the aplication of the statute, and, for all the opinion shows, the parties may have elected to so contract, as is permitted under some statutes. The point was similarly assumed in *Georgia Casualty Co.* v. *Hill* (Tex. Civ. App.), 30 S. W. (2d), 1055, in which it was held that a "nurseryman's helper," insured as such, was not entitled to recover compensation for an accidental injury received while tending a cow in a purely farming or agricultural undertaking.

We think a sound general rule may be taken from the opinion in *Dowery* v. *State,* 84 Ind. App., 37, 149 N. E., 922, wherein it was said: "It is to be observed that the statute does not classify the employe in accordance with the general occupation or business of the employer. Whether a laborer is or is not a farm employe is determined from the character of the work he is required to perform." This rule is properly interpreted in *Peterson* v. *Farmers State Bank,* — Minn., —, 230 N. W., 124, by the holding: "Neither the pending task nor the place where it is being performed is the test. The whole character of the employment must be looked to, to determine whether he is a farm laborer. That is what is meant by the statement that it is 'the character of the work which the employe is hired to perform, which is the test of whether the employe is a farm laborer.' " These propositions are supported by many cases. *Fleckles* v. *Hille,* 83 Ind. App., 715, 149 N. W., 915; *Beyer* v. *Decker,* — Md.,

—, 150 Atl., 805; *Shafer* v. *Parke, Davis & Co.,* 192 Mich., 557, 159 N. W., 304; *Greischar* v. *St. Mary's College,* 175 Minn., 100, 222 N. W., 525; *Ocean Accident & Guarantee Co.* v. *Industrial Commission,* — Utah, —, 256 Pac., 405; *Peters* v. *Cavanah,* 132 Kan., 244, 295 Pac., 693.

In *Beyer* v. *Decker, supra,* the Court of Appeals of Maryland held that an employe of a farm dairy, injured while delivering milk from the dairy to a wholesale station, was injured in a service incident to agricultural pursuits, within an excluding provision of a compensation statute. In so holding, the Court said: ''The statute does not afford a precise definition of an agricultural laborer, or an exact indication of the point where dairying may cease to be part of a farming operation and become a commercial occupation. The courts are required to construe the statute with respect to the work done in each case. In this case, the employe's work appears to have been such as has been an incident of ordinary farming operations for a long time in the past, and we concur with the trial court in the conclusion that he was within the excepted class, and so not entitled to compensation under the provisions of the act.''

It is of course recognized that a commercial nursery may engage in many business activities not agricultural in nature. It may maintain a warehouse or a large sales room, with many attendants and salesmen whose work may be wholly disconnected from farming or agricultural operations. But under the authorities cited, if it employs laborers whose employment requires them to do only farm or agricultural labor, such contracts of employment are excluded from the application of the compensa-

tion law, regardless of the general nature of the employer's business.

The employment of the plaintiff in error in the case before us required him to till the soil, to tend growing plants, shrubs and young trees, to prepare them for market, and to deliver them to a shipping point. The harvesting and marketing of grain, the transplanting and care of tobacco plants, and the delivery of a bale of cotton from farm to shipping point, are all ordinary incidents of farm labor. The work and labor performed by plaintiff in error differed from that of the ordinary farmer only in the kind and nature of the products of the soil grown and prepared for market. No difference in hours of labor, hazard or remuneration is pointed out which might induce a legislature to include the one and exclude the other from the operation of the statute. The labor performed by plaintiff in error and contemplated by his employment was agricultural in the literal sense and meaning of the word, and we think we would not be justified in holding that he was not a "farm or agricultural laborer."

Plaintiff in error cites *Simons* v. *Lovell,* 54 Tenn. (7 Heiskell), 510, as restricting the legal definition of agriculture to the more common activities of producing "grain and other field crops." The limitation there given to the term was expressly limited to its use in the exemption laws, and we think the term cannot be so limited in respect to its use in the compensation statutes.

■ It is further contended for the plaintiff in error that the nursery company is estopped from denying its liability for an award of compensation, for the reason that its president "said they carried compensation insurance for all their employes."

We think this wholly insufficient upon which to predicate an estoppel. It is not shown that the statement was made before the accident occurred, or that plaintiff in error entered upon or continued in his employment upon the faith of such statement. The context justifies the inference that the statement was made after the injury was received. "It is fundamental in the doctrine of equitable estoppel that before one can be denied his rights not only must his conduct be inconsistent therewith, but the party invoking it must have been injured thereby." *Morristown Furn. Co.* v. *People's Nat. Fire Ins. Co.,* 149 Tenn., 214, 217, 259 S. W., 539.

We find no error in the judgment of the circuit court, and it is affirmed.