**FLORIDA GLADIOLUS GROWERS ASS'N et al. v. UNITED STATES et al.**
**Civ. No. 2095.**

United States District Court,
S. D. Florida. Tampa Division.
July 23, 1952.

526

D. G. Haley, Sarasota, Fla., and Warren .H. Wagner, Washington, D. C., for plaintiffs.

Herbert S. Phillips, U. S. Atty., Tampa, Fla., for the United States.

E. M. Reidy, Associate Chief Counsel, Washington, D. C., for Interstate Commerce Commission.

Henry A. Cockrum, Solicitor's Office, Washington, D. C., for Department of Agriculture.

John F. Baecher, Sp. Asst. to the Atty. Gen., for Department of Justice.

G. L. Reeves, Tampa, Fla., and Alston, Foster, Sibley & Miller, Atlanta, Ga., for the Railway Express Agency, Inc., intervener.

Before STRUM, Circuit Judge, and BARKER and SIMPSON, District Judges.

STRUM, Circuit Judge.

The basic question here is whether or not cut gladiolus and gladiolus bulbs are "agricultural commodities" within the meaning of Sec. 203(b) (6) of the Interstate Commerce Act, 49 U.S.C.A. § 303(b) (6), which, *inter alia*, exempts motor vehicles carrying "agricultural commodities" from the regulatory requirements of Part II of said Act, except those relating to qualification and maximum hours of service of employees, and to safety of operation or standards of equipment.

The question has now received a specific legislative answer. An Act approved July 9, 1952, Public Law 472—82nd Congress, chap. 599, 2nd Session, S. 2357, provides that "clauses (4a) and (6) of subsection (b) of section 203 of the Interstate Commerce Act are amended by inserting after 'agricultur-al' in each such clause the following: '(including horticultural)'."

There can be no doubt that these cut flowers and bulbs are "horticultural" commodities, horticulture being the science of growing fruits, vegetables, flowers or ornamental plants. Horticulture is recognized as a segment or division of agriculture. "Agriculture" is a broader term than "farming." The plants on which these flowers and bulbs grow are raised in open fields by tilling the soil, just as any other agricultural crop.

Although the institution of this suit antedated the passage of the statute above mentioned, the statute is merely declaratory of the general law as it existed when suit was brought. The courts have long defined the term "agriculture" to include horticulture, which embraces, amongst other things, the raising and culture of nursery stock. United States v. Turner Turpentine Co., 5 Cir., 111 F.2d 400; Ginn v. Forest Nursery Co., 165 Tenn. 9, 52 S.W. 2d 141; State v. Wertheimer Bag Co., 253 Ala. 124, 43 So.2d 824, text 829; Keeney v. Beasman, 169 Md. 582, 182 A. 566, 103 A.L. R. 1515; Stuart v. Kleck, 9 Cir., 129 F.2d 400; Jones v. Gaylord Guernsey Farms, 10 Cir., 128 F.2d 1008; Fromm Bros., Inc., v. United States, D.C., 35 F.Supp. 145; State of Washington v. Christensen, 18 Wash.2d 7, 137 P.2d 512, 146 A.L.R. 1302; Fla. Ind. Comm. v. Growers Equipment Co., 152 Fla. 595, 12 So.2d 889. Any doubt on the subject, however, is now conclusively settled by the above mentioned statute, so far as Sec. 203 of the Interstate Commerce Act is concerned.

In its order and report, dated April 13, 1951, No. MC–C–968, entitled "Determination of Exempted Agricultural Commodities," 52 M.C.C. 511, the Commission found and determined that nursery stock, flowers, and bulbs are not agricultural commodities within the meaning of Sec. 203(b) (6), supra. Plaintiffs here, who are engaged in raising, shipping and transporting cut gladiolus and gladiolus bulbs, seek, and are clearly entitled to, an injunction restraining the enforcement of the Commission's order just mentioned, which has the effect of denying to motor carriers trans-

porting these commodities the exemptions created by Sec. 203(b) (6), supra, to which they are clearly entitled while engaged exclusively in transporting said commodities.

Let injunction issue restraining enforcement of said order.