# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00766-CV

**Jacqueline Tomhave, Appellant**

**v.**

**The Oaks Psychiatric Hospital, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. 97-11117, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING

## DISSENTING OPINION

Tomhave asked the following question in a telephone call to appellee's program administrator: "What if [an employee] was having a sexual relationship with [the juvenile resident]?" As the therapist in charge of the juvenile, Tomhave was aware that the administration, after receiving information that an employee was allegedly having inappropriate relations with a juvenile resident, was conducting an investigation.[1]  Following the investigation into the care of the juvenile, which disclosed numerous deficiencies in his treatment and discharge, appellee terminated Tomhave for

---

[1] In her original petition, Tomhave asserted that she learned of the alleged violation when she returned from a vacation and that the matter had already been brought to the attention of the administration. Nevertheless, the next day, because she feared "that nothing further was apparently going to be said or done about the situation," she, too, called an administrator to "report" the incident.

violating its policies and procedures. The telephone call,[2] Tomhave claims, entitles her to the whistle-blower protection of section 161.134. *See* Tex. Health & Safety Code Ann. § 161.134 (West 2001).

Appellee moved for summary judgment on the ground, among others, that Tomhave failed to show a causal link between the alleged report of a violation of law and her termination. Having carried its burden to establish that it terminated Tomhave for a legitimate, non-retaliatory reason, appellee was entitled to summary judgment unless Tomhave presented summary judgment evidence raising a genuine issue of material fact on this challenged element. *See Texas Division-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 313 (Tex. 1994) (per curiam). Because Tomhave failed to raise a material issue of fact that the reasons for her termination were pretextual, I respectfully dissent.

Rule 166a(i) authorizes summary judgment if, after adequate discovery time, there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). The party with the burden of proof at trial has the burden of proof in the summary judgment proceeding. Once the movant specifies the elements on which there is no evidence, the non-movant has the burden to produce evidence raising a fact issue on them. *Id.* A no-evidence summary judgment is improperly granted if the non-movant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements. *Id.* cmt (1997 amendment); *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

---

[2] This is the only whistle-blowing statement Tomhave alleges in her petition. Tomhave does not claim her termination resulted from her report to the Texas Department of Regulatory Services, which did not occur until August 3, 1997, two months after her termination and shortly before she filed this lawsuit.

Here, appellee identified causation as an essential element of Tomhave's claim and one upon which she has the burden of proof. The health-care Whistleblower Act prohibits a mental health facility from terminating an employee who reports illegal activity. Tex. Health & Safety Code Ann. § 161.134. The employee must demonstrate that the termination was "for reporting" a violation, and that without the report, the alleged retaliatory conduct would not have occurred when it did.[3]

The statute further requires us to presume the causal nexus exists if the retaliatory conduct occurs within sixty days of reporting a violation. *Id.* This presumption is rebuttable; it does not shift the burden of proof, which remains at all times with the employee. *Id.* § 161.134(f); *Department of Human Servs. v. Hinds*, 904 S.W.2d 629, 637 (1995); *Texas Natural Res. Conservation Comm'n v. McDill*, 914 S.W.2d 718, 723 (Tex. App.—Austin 1996, no writ); *Garza v. City of Mission*, 684 S.W.2d 148, 151-52 (Tex. App.—Corpus Christi 1984, writ dism'd). Importantly, the presumption stands *only* in the absence of evidence to the contrary. *Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex. 1995) ("A presumption is simply a rule of law requiring the trier of fact to reach a particular conclusion in the absence of evidence to the contrary."); *Texas Water Rights Comm'n v. Wright*, 464 S.W.2d 642, 646 (Tex. 1971); *Combined Am. Ins. Co. v. Blanton*, 353 S.W.2d 847, 849 (Tex. 1962) ("[A] presumption is an artificial thing, a mere house of cards, which one moment stands with sufficient force to determine an issue, but at the next, by reason of the slightest rebutting evidence, topples utterly out of consideration of the trier

---

[3] The requirement of a causal link is explicit in the statute at issue here. In *Department of Human Services v. Hinds*, the supreme court concluded that the Whistleblower Act, section 554.003(a), which contains a prohibition for termination of an employee "who in good faith reports a violation of law," requires proof of a causal link between a report of illegal conduct and the employer's alleged retaliatory conduct even though that element is not explicit in the statute. 904 S.W.2d 629, 633 (1995).

of facts."). Once sufficient evidence is produced to support a finding of the non-existence of the presumed fact, the case then proceeds as if no presumption ever existed. *Texas A&M Univ. v. Chambers*, 31 S.W.3d 780, 784-85 (Tex. App.—Austin 2000, pet. denied); *Garza* at 152.[4] Because rule 166a(i) does not prohibit the movant from meeting its burden of production to rebut a presumption, the trial court properly allowed appellee to present proof to rebut the presumption of retaliation created by section 161.134. *See Gold v. City of College Station*, 40 S.W.3d 637, 645 (Tex. App.—Houston [1st Dist.] 2001, pet granted, judgm't vacated w.r.m.); *see also Jackson v. Fiesta Mart*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.) (comparing no-evidence summary judgment to directed verdict).

In moving for summary judgment, appellee argues that Tomhave cannot prove a causal link between her report and her termination. Appellee contends that it discharged Tomhave because she violated various policies and therapeutic practices—not because she reported a violation. In support of its assertion that Tomhave was terminated for legitimate, non-retaliatory reasons—and to

---

[4] In her response to the motion, Tomhave argues that appellee may not challenge the statutory presumption by way of a no-evidence summary judgment motion and is prohibited from presenting evidence in support of its motion. She contends that, because the presumption requires appellee to show that she was terminated for a non-retaliatory reason, appellee was required to challenge the causation element in a traditional summary judgment motion.

That Rule 166a(i) permits a motion for summary judgment to be filed "without presenting summary judgment evidence" does not mean that supporting evidence may not be filed. A no-evidence motion does not contemplate or *require* supporting evidence; neither does it prohibit consideration of evidence. *See* Tex. R. Civ. P. 166a(i). To prohibit a movant from attaching evidence to a no-evidence motion to rebut a presumption would exempt plaintiffs from no-evidence summary judgments in cases involving presumptions. Tomhave cites no authority for this proposition. At most, in cases where a moving party includes summary judgment evidence, we simply conduct the review as though the motion for summary judgment were a traditional one. *See Grimes v. Andrews*, 997 S.W.2d 877, 880 n.1 (Tex. App.—Waco 1999, no pet.).

4

rebut the statutory presumption—appellee offered extensive affidavits, deposition excerpts, and a statement of facts with record references. Appellee filed affidavits of its chief operations officer, the facility's executive medical director, and chief executive officer, establishing that Tomhave's termination resulted from deficiencies in her care and clinical practices relating to the juvenile.

In addition, various witnesses testified to the reasons for Tomhave's termination. Terry Lipp, director of clinical services, testified in deposition that in May 1997 she discussed the conditions of the juvenile's impending discharge with Tomhave: he had to (i) receive and hold a permanent job and participate in after-care therapy funded by the State of Montana for a minimum of six months; (ii) be registered as a sex offender in Texas; and (iii) have his probation transferred from Montana to Texas and remain on probation in Texas. When Lipp reviewed the juvenile's medical chart for treatment notes, she discovered discrepancies, omissions and documentation errors. A subsequent audit of medical and treatment records revealed that Tomhave had either departed from or ignored the instructions regarding the discharge conditions: she failed to transfer the juvenile's probation; she failed to document any after-care treatments; she discharged the juvenile without a permanent job; and she failed to secure after-care payment arrangements with Montana. Lipp also testified that Tomhave allowed the juvenile to leave campus without supervision or approval and to stop attending group therapy. Lipp reported her findings to the chief operations officer and program administrator Kat Neuberry, who both testified by deposition to the reasons for Tomhave's termination.

In its summary judgment evidence, then, appellee established that Tomhave (i) failed to follow the requisite discharge plan for the juvenile; (ii) failed to document the arrangements or

payment for post-discharge therapy which was a condition of the juvenile's discharge; (iii) allowed the juvenile to stop attending group sessions in violation of appellee's policies and procedures; and (iv) failed to maintain supporting records and documentation in connection with the juvenile's diagnosis, treatment, and preparation for discharge. Thus, appellee produced abundant and uncontroverted evidence that Tomhave was terminated for legitimate, non-retaliatory reasons.

To defeat appellee's no-evidence summary judgment motion, Tomhave bore the burden of presenting evidence that appellee's reasons for terminating her were pretextual. *See M. D. Anderson v. Willrich*, 28 S.W.3d 22, 24 (Tex. 2000) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142-43 (2000)). In her response to the motion, Tomhave acknowledges that appellee successfully rebutted the presumption and that she must raise a fact question as to the *challenged* element, *i.e.*, whether she was terminated for a legitimate, non-retaliatory reason, or whether the proffered reason was a pretext. Tomhave had to produce more than a scintilla of evidence on this element. This she failed to do. Tomhave's response to the motion for summary judgment did not address the evidence in her summary judgment proof as it related to causation—the challenged element.

A plaintiff must often prove retaliatory discharge by circumstantial evidence.[5] Circumstantial evidence may be used to establish a material fact, but the circumstantial evidence must transcend mere suspicion; the material fact must be a reasonable inference from the known

---

[5] The Texas Supreme Court's *Continental Coffee* opinion does not specifically endorse the use of the factors set forth in the majority opinion. Rather, the court noted that the court of appeals relied upon those factors and the court did not disapprove. *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996).

6

circumstances. *Lozano v. Lozano*, 52 S.W.2d 141, 149 (Tex. 2001). When circumstantial evidence is so slight that any plausible inference is purely a guess, it is in effect no evidence. *Id*. at 148. To be more than a mere scintilla, evidence must rise "to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711 (citing *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a surmise or suspicion of a fact." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983) (quoting *Havner*, 953 S.W.2d at 711).

As evidence of appellee's retaliatory motive, Tomhave presented the following circumstantial evidence:[6] (i) that appellee terminated Tomhave within sixty days of her report of the violation; (ii) a "negative attitude" displayed by Neuberry and Lipp when she made the report; (iii) the fact that appellee's reasons for suspending Tomhave were different than its reasons for terminating her; and (iv) the fact that she had never before been suspended, reprimanded or counseled about any negative job performance. Although Tomhave relies primarily on the temporal proximity between her telephone call to Neuberry and the date of her termination, she cites no authority for the proposition that temporal proximity by itself is sufficient to raise a fact issue on retaliatory motive.

_____

[6] Tomhave did not submit an affidavit but supported her response with excerpts from four depositions. In addition to excerpts from her own deposition, Tomhave attached brief excerpts from the deposition of the juvenile, two pages of Lipp's deposition, and six pages of the deposition of appellee's personnel director. The deposition excerpts relied upon by Tomhave do not controvert appellee's proof that Tomhave's termination was for legitimate, non-retaliatory reasons. Her own deposition focused on her suspicions of a relationship between the juvenile and the direct-care employee and the steps she took to report her suspicions. She testified to her belief that her termination was "perhaps" due to her report. The juvenile's deposition addressed whether Tomhave gave him any gifts or special favors. Neither the two pages of Lipp's deposition or the six pages of the personnel director's deposition that Tomhave attached to her response controvert appellee's legitimate, non-retaliatory reasons for the termination.

Contrary to the majority's opinion, proximity alone is insufficient to rebut an employer's proffered non-retaliatory explanation for its adverse employment decision. *E.g.*, *Swanson v. General Servs. Admin.* 110 F.3d 1180, 1188 (5th Cir. 1997) (stating that if timing alone were enough, any action taken, no matter how justified, could be sustained as retaliatory); *Johnson v. University of Wisconsin-Eau Claire*, 70 F.3d 469, 480 (7th Cir. 1995). Moreover, appellee's summary judgment evidence amply rebutted the statutory presumption.

Likewise, Tomhave's evidence of a "negative attitude" by Neuberry and Lipp is insufficient to establish the causal connection. She speculates that, because Neuberry and Lipp instructed her not to investigate the allegations, they were hostile toward the report itself. It is as likely that Neuberry and Lipp, who were responsible for investigating the circumstances of the treatment and discharge of a juvenile sex offender, sought to conduct their investigation without interference from those who were the subject of their inquiry. *See generally Texas Farm Bureau Ins. Cos. v. Sears*, 54 S.W.3d 361 (Tex. App.—Waco 2001, no pet.) (discussing duty of care in conducting an investigation). Appellee had a duty to conduct the investigation in a proper manner and the fact that it did not include Tomhave, who was on vacation when the investigation commenced, is no evidence. *See City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 69 (Tex. 2000) (evidence that adverse employment action was preceded by a supervisor's negative attitude toward an employee's report of illegal conduct is not enough to show causal connection); *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 451 (Tex. 1996) (company's legally justified conduct of investigating workers' compensation claims and contesting cause of alleged on-the-job injuries not evidence of a negative attitude toward employee or retaliation).

Although Tomhave argues in her brief that the stated reasons for her termination were false, she offers no evidence for that proposition. Instead, she urges that conclusion from evidence that she was terminated for a reason different than the reason for which she was initially suspended. The evidence adduced establishes that Tomhave's termination resulted from clinical mismanagement of the treatment and discharge of the juvenile, but her initial suspension was for *allegations* of "inappropriate boundaries" with the resident. In the absence of evidence that appellee's reasons for terminating or suspending Tomhave were pretextual, the fact that the termination turned on a broader pattern of deficiencies is not proof of retaliatory conduct. Further, the fact that Tomhave had never before been reprimanded, suspended, or terminated does not constitute evidence that, on *this* occasion, her termination was improper.

While Tomhave vigorously disputed appellee's motivations in her response to the motion, she failed to point to any competent evidence to controvert the grounds established by appellee, including on the issue of exemplary damages discussed summarily in the majority's opinion. Viewed together or alone, the factors cited by Tomhave and relied upon by the majority do not transcend mere suspicion or surmise or constitute sufficient proof to controvert appellee's summary judgment proof. Tomhave's subjective belief is insufficient for a jury to reasonably infer that appellee terminated her *for reporting* the violation. *Texas Division-Tranter, Inc.*, 876 S.W.2d at 314; *Anderson v. Snider*, 808 S.W.2d 54, 55 (1991); *Vallance v. Irving C.A.R.E.S., Inc.*, 14 S.W.3d 833 (Tex. App.—Dallas 2000, no pet.); *Jenkins v. Guardian Indus.*, 16 S.W.3d 431, 435-36 (Tex. App.—Waco 2000, pet. denied). Thus, I would hold that Tomhave has not produced the requisite scintilla of evidence necessary to defeat appellee's motion.

9

## CONCLUSION

Tomhave mistakes her burden in responding to appellee's summary judgment motion. Because she bears the burden of proof on the issue at trial, it is up to her to come forward with specific evidence on the challenged element. Her belief that appellee's actions were retaliatory does not suffice to establish a genuine issue of material fact. No reasonable jury could conclude, based on the scant evidence cited here, that appellee retaliated against Tomhave for her report. Under these circumstances, I do not believe the trial court erred in granting summary judgment in appellee's favor. I respectfully dissent.

\_

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Filed: February 28, 2002

Publish

10